IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| SALLY J. WILSON, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:05-0795 |
| ) | |
| DALE HUMPHREY, Warden, ) | |
| Lakin Correctional Complex, ) | |
|     Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On September 26, 2005, Petitioner, an inmate at Lakin Correctional Complex, West Columbia, West Virginia, and acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document No. 1.) Petitioner alleges the following grounds for *habeas* relief:

1. Denial of effective assistance of counsel.

2. Conviction obtained by use of [evidence] gained pursuant to an unconstitutional search and seizure.

3. Trial Court erred in denying Defendant's "Motion for Judgment of Acquittal."

4. Trial Court, prosecuting attorneys, attorney and state's witness all knowing[ly] broke most all the Court rules.

(Document No. 1, at 4, 6.) By Standing Order also filed on September 26, 2005, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No.

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2.) Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." From the record available to the Court, it appears that Petitioner has not exhausted three of her four alleged grounds for relief, as required by 28 U.S.C. § 2254(b)(1). Accordingly, these three claims should be dismissed.

## PROCEDURE AND FACTS

On November 4, 2003, after a trial by jury, Petitioner was convicted in the Circuit Court of Fayette County, West Virginia, of malicious assault. State v. Wilson, Criminal Action No. 03-F-152 (Fayette Co. Cir. Ct. Dec. 15, 2003). By Order entered December 15, 2003, the Circuit Court sentenced Petitioner to an indeterminate term of imprisonment in the state penitentiary of one to five years. Id. Petitioner, by counsel, J. B. Rees, Chief Public Defender, Twelfth Judicial Circuit, appealed her conviction and sentence to the Supreme Court of Appeals of West Virginia [SCAWV], raising the following assignment of error:

> The trial court erred by denying the Defendant's Motion for Judgment of Acquittal on the charge of "malicious wounding" and "unlawful assault" when there was no evidence presented to the jury that the alleged victim had received any serious bodily injury.

(Court Exhibit A.)[2] By Order dated November 10, 2004, the SCAWV refused Petitioner's Petition for Appeal. State v. Wilson, No. 041040 (W.Va. Nov. 10, 2004).

Petitioner filed a Motion for New Trial in the Circuit Court of Fayette County on October

---

[2] On November 29, 2005, the office of the undersigned contacted the Clerk's Office of the SCAWV and was provided a copy of Petitioner's "Petition for Appeal," a copy of which is attached hereto as "Court Exhibit A."

18, 2005, which motion remains pending therein. Petitioner filed her § 2254 Petition on September 26, 2005. (Document No. 1.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' must be presented to the state court." Id. (*quoting* Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (*quoting* Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. See O'Sullivan, 526 U.S. at 844, 119 S.Ct. at 1732.

Furthermore, it is well established in this jurisdiction that "unless with prejudice, summary dismissals of habeas petitions invoking the original jurisdiction of the West Virginia Supreme Court will not satisfy exhaustion requirements." Moore v. Kirby, 879 F.Supp. 592, 593 (S.D. W.Va. 1995); see also, McDaniel v. Holland, 631 F.Supp. at 1546.

When a state prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district court possesses discretion to stay the petition "to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition." Rhines v. Weber, __ U.S. at __, 125 S.Ct. at 1530. However, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Based upon a review of Petitioner's Petition for Appeal, the undersigned finds that she has exhausted only her third ground for relief in which she claims that the trial court erred in denying her motion for judgment of acquittal. Although Petitioner states in her § 2254 Petition that she sought *habeas* relief in the state courts (Document No. 1 at 3.), the office of the undersigned contacted the clerk's offices of the Circuit Court of Fayette County and the SCAWV and was advised that no such actions have been filed. Accordingly, the undersigned finds that Petitioner has failed to present grounds one, two, and four to the state's highest court, the SCAWV. Petitioner's § 2254 Petition therefore, is a mixed petition. However, nothing in the record suggests that Petitioner had good cause for her failure to exhaust her claims in the state courts. Likewise, Petitioner has not established cause for her failure to present her claims to the state courts. Neither lack of legal training, nor knowledge of legal procedures constitutes cause to excuse Petitioner's failure to

exhaust her state remedies. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir.), cert. denied, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000)(Finding that the one-year statute of limitation is not tolled where petitioner is *pro se* and claims that the prison's law library inadequacies prevented him from learning of the limitation period.); Saahir v. Collins, 956 F.2d 115, 118-19 (5th Cir. 1992)(Finding that *pro se* petitioner's ignorance of the law does not constitute cause so as to allow federal *habeas* review of procedurally defaulted claims.). Accordingly, the undersigned finds that a stay and abeyance is not warranted. Pursuant to Rhines v. Weber, however, the undersigned finds that the statute of limitation for seeking federal *habeas* review has run and that dismissal of Petitioner's § 2254 Petition in its entirety would unreasonably impair her right to obtain federal *habeas* relief. Accordingly, it is appropriate to allow Petitioner to withdraw her unexhausted claims and file an amended § 2254 Petition containing only her exhausted claim, namely the sole ground presented to the SCAWV on direct appeal.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Petitioner's first, second, and fourth grounds for relief (Document No. 1.) and direct Petitioner within twenty days from entry of the Judgment Order to file an Amended § 2254 Petition containing only exhausted claims.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing

of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

ENTER: December 2, 2005.

R. Clarke VanDervort
United States Magistrate Judge