IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SALLY J. WILSON,

           Petitioner,

v.                                       CIVIL ACTION NO. 5:05-cv-00795

DALE HUMPHEY, Warden,

           Respondent.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

This case comes before the Court on Petitioner's § 2254 Petition for Habeas Corpus by a Person in State Custody [Docket 1] filed on September 26, 2005. By standing order entered July 21, 2004, and filed in this case on September 26, 2005, this action was referred to Magistrate Judge R. Clarke VanDervort for submission of a Proposed Findings of Fact and Recommendation ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge entered his PF&R [Docket 3] on December 2, 2005, which Chief Judge Goodwin adopted in his Memorandum Opinion and Order [Docket 5] dated March 10, 2006. In that order, Chief Judge Goodwin dismissed Petitioner's first, second, and fourth grounds for relief and directed her to file an amended § 2254 petition containing only her exhausted claims by April 3, 2006. (Docket 5 at 1.) The case was reassigned to this Court by Order [Docket 7] dated April 17, 2006. To date, Petitioner has yet to file an amended petition.

Mail addressed to Petitioner at her Lakin Correctional Complex address has been returned as undeliverable since December 8, 2005. Moreover, a search of the West Virginia Division of

Corrections online offender database on November 29, 2007, revealed no record of her incarceration at any West Virginia correctional facility. Finally, a telephone conference with Mary Ashby, a records custodian at the West Virginia Division of Corrections, confirmed that Petitioner was discharged from parole on January 27, 2007.

It is well-settled that a habeas petition becomes moot when a prisoner is released from custody because it no longer presents a live case or controversy as required by Article III, § 2 of the Constitution. *Spencer v. Kemma*, 523 U.S. 1, 7 (1998). There is an exception, however, where collateral consequences exist as a result of the conviction that give a prisoner a substantial stake in whether his sentence is overturned. *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968). The Supreme Court has presumed such collateral consequences necessarily result from a wrongful conviction. *Spencer*, 523 U.S. at 8. Although Petitioner has not alleged the existence of any collateral consequences in her petition, the Court will presume, for purposes of this order, that they could exist.

Reviewing the petition on its merits, the Court notes that Petitioner has taken no action in the case since it was filed. The magistrate judge recommended that Petitioner's original petition be dismissed for failure to exhaust her state remedies. After Petitioner failed to object to that recommendation, the Court adopted the PF&R, dismissed her claims, and directed her to file an amended petition within twenty days from the entry of that order. It has been more than a year and a half since that order was entered on March 10, 2006, and Petitioner has yet to file an amended complaint or move for a stay to allow her to exhaust her state remedies.

In the Fourth Circuit, district courts must consider a four-part test before dismissing a case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure: "(1) the degree

of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of sanctions less drastic than dismissal." *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989).  Regarding these factors, the Court finds that Petitioner, a pro se litigator, is solely responsible for her failure to prosecute.  She has been given ample opportunity to litigate her claims, and has been directed by the Court to take certain steps in doing so, yet has failed to comply with the Court's directives.  While Defendant suffers little prejudice as a result of Petitioner's delinquency, it is evident that Petitioner has given up on her claims since she was released from custody.  Because Petitioner has failed to exhaust her state remedies in regard to three of her claims, failed to allege any collateral consequences that would result from a wrongful conviction, and generally failed to proceed with her case since she was released from custody, the Court finds that dismissal under Rule 41(b) for failure to prosecute is appropriate.

Based on the foregoing, the Court **DISMISSES** Petitioner's § 2254 Petition [Docket 1] for failure to prosecute.  The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      January 16, 2008

———————————————————
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE